# Cases

# THIRD DEPARTMENT

# APPELLATE DIVISION,

## January, 1903.

MARGARET B. MOTT and MARY H. BRADLEY, Appellants, *v.* THE
FORT EDWARD WATER WORKS COMPANY and RANSOM QUA,
Respondents.

*Ejectment — absence of proof of service of a citation on infants upon whose written
verified petition, alleging such service, a special guardian is appointed — effect of
a recital of service in a surrogate's decree — a mere irregularity not considered in a
collateral action.*

In an action in ejectment, brought by two heirs at law of a decedent to recover
a parcel of land, of which the decedent had died seized, and which had been
sold to the defendant in a proceeding in the Surrogate's Court to sell the
decedent's real estate for the payment of his debts, it appeared that at the time
the proceeding was instituted the plaintiffs were infants over the age of four-
teen years; that a citation was issued to all persons interested, including the
plaintiffs, but that no affidavit of the service of the citation upon the plaintiffs
could be found among the surrogate's records. It appeared, however, that a
special guardian was appointed for the plaintiffs, upon a petition, verified by
them, which averred that the citation had been served upon them. The decree
authorizing the sale recited the service of the citation upon all parties named
in it.

The plaintiffs gave no affirmative proof tending to show that the citation was
not served upon them.

*Held,* that, under section 2473 of the Code of Civil Procedure, which provides
that, when the jurisdiction of a Surrogate's Court is attacked collaterally, "the
fact that the parties were duly cited is presumptively *proved* by a recital to
that effect in the decree," the recital in the decree authorizing the sale of service
of the citation upon the plaintiffs was sufficient, in the absence of any proof
to the contrary, to sustain a finding that the plaintiffs had been regularly
served with the citation.

It further appeared that, pursuant to a provision in the decree authorizing the sale, the property in question was sold at private sale and that the conveyance delivered to the defendant by the administrators, recited that, by a decree of the surrogate, the administrators were authorized to sell and convey the property; that the contract with the said defendant was for a sum as large as that fixed by the appraisers in the proceeding, and that the contract with the said defendant had been approved by the surrogate.

*Held*, that the failure to find among the surrogate's records an order confirming the contract with the said defendant, and directing a conveyance, was not sufficient to avoid the defendant's title to the lands for which it had paid and of which it had been in possession for a period of ten years;

That the surrogate having had jurisdiction to order the sale and conveyance, the mere regularity of the proceeding would not be investigated in the ejectment action.

APPEAL by the plaintiffs, Margaret B. Mott and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Washington on the 10th day of June, 1902, upon the decision of the court, rendered after a trial before the court without a jury at the Washington Trial Term, dismissing the complaint.

The plaintiffs seek to recover from the defendant, The Fort Edward Water Works Company (Ransom Qua being the company's tenant and not appearing in the action) in an action of ejectment, a parcel of land that was owned by their father at the time of his death. They make their title as his only heirs at law. The defendant makes its title through a conveyance from the administrators of the deceased, made in proceedings to sell his real estate to pay his debts had in the Surrogate's Court of Washington county. The plaintiffs claim that such court never acquired jurisdiction to decree such a sale. The action was tried before the court without a jury. The court dismissed the plaintiffs' complaint, and from the judgment entered thereon this appeal is taken.

*Fred A. Bratt*, for the appellants.

*Edgar T. Brackett* and *Robert O. Bascom*, for the respondents.

PARKER, P. J.:

The administrators of the plaintiffs' father filed their petition for the sale of his real estate to pay his debts with the surrogate on

November 12, 1890. This petition was confessedly in proper form and sufficient in all respects for the purpose for which it was designed.

At that time these plaintiffs were infants, the one sixteen years of age and the other eighteen years old. A citation was issued to all persons interested, including these plaintiffs, which was returnable December 10, 1890. On that day, upon the petition of the infants, a special guardian was appointed for them, who thereafter appeared and represented them in such proceedings. That appointment was regular in all respects, except that no affidavit of the service of such citation upon said infants can now be found among the surrogate's records. There is an affidavit of the service of the citation on some of the parties and a written admission of service by others. Such two methods of proof included all the parties except the two infants. As to them, no affirmative proof of service is now found. It is stated, however, in the verified petition by the infants for the appointment of a special guardian that such citation had been duly served upon them. After the appointment of the guardian, and on December 10, 1890, appraisers were appointed to value the property proposed to be sold, and on the coming in of their report, and on January 10, 1891, a decree was entered authorizing a sale of all the real estate described in the petition, by the administrators at either public or private sale, upon their filing a bond, etc. This decree recited the service of the citation upon all parties named in it, and also the appointment and appearance for the infants of the special guardian aforesaid. Subsequently, on May 2, 1892, an order was entered reciting that the requisite bond was filed, and directing the administrators to proceed to execute the said decree of sale with respect to all the property therein mentioned. Some of the property was sold at public sale, a report thereof made and an order entered affirming same and directing a conveyance. But the property in question was not included in such sale. It was sold at private sale, and on June 3, 1892, a conveyance was executed and delivered to the defendant, The Fort Edward Water Works Company, by the administrators, reciting that, by a decree of the surrogate, they were authorized to sell and convey, that the contract with the defendant was for a sum as large as that fixed by the appraisers, and that such contract had been approved by the surrogate.

The purchase price was paid by the defendant, the conveyance accepted and put on record by it, and since such date the defendant has held and claimed the premises thereunder. There is nothing among the surrogate's records showing a report of such contract of sale, nor is there any order that can be identified as confirming the same and directing a conveyance.

As to the question whether a citation was served upon the infants, so as to give the surrogate jurisdiction of their persons, the trial judge has found that such service was made, and his finding is correct in that respect. The Code, section 2473, provides that when the jurisdiction of a Surrogate's Court is attacked collaterally "the fact that the parties were duly cited is presumptively *proved* by a recital to that effect in the decree." Such a recital is contained in this decree of sale, and in the absence of any proof to the contrary, is sufficient to sustain that finding. The plaintiffs do not upon the trial of this action testify that such citation was not served upon them. There is nowhere any affirmative proof that it was not so served; on the contrary, their own affidavit made at the time states that it was, and all the proof in the case sustains, rather than contradicts, the recital in the decree that such service had been made.

The surrogate then had jurisdiction both of the subject-matter and of the persons of the plaintiffs, and his decree authorizing these administrators to sell this land was well made. By it they obtained the right to sell to the defendant company, and at the price which it appears they received from it. The fact that an order confirming the contract with the defendant, and directing a conveyance, cannot now be found or identified in the records of the surrogate's office, is not sufficient to avoid the defendant's title to the lands, for which it has paid and for more than ten years has supposed that it owned. The surrogate having had jurisdiction to order the sale and conveyance, the mere regularity of the proceedings will not be inquired into in this collateral proceeding.

The judgment appealed from must be affirmed, with costs.

Judgment unanimously affirmed, with costs.